**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                                           Case No. 10-32144

SHARON RENEE RACSKO

        Debtor

**MEMORANDUM ON DEBTOR'S OBJECTION
TO TRUSTEE'S NOTICE OF SALE**

**APPEARANCES:**    POPE LAW FIRM
                                Rebecca M. Graf, Esq.
                                4 East Washington Avenue
                                Athens, Tennessee  37303
                                Attorneys for Debtor

                                HODGES, DOUGHTY & CARSON, PLLC
                                Dean B. Farmer, Esq.
                                Post Office Box 869
                                Knoxville, Tennessee  37901-0869
                                Attorneys for Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Notice of Sale filed by the Debtor on May 7, 2012, objecting to the sale proposed by the Chapter 7 Trustee, Dean B. Farmer (Trustee), in the Notice of Sale filed on April 17, 2012, as amended by the Amended Notice of Sale filed on May 15, 2012 (collectively, Notice of Sale). Pursuant to the Notice of Sale, the Trustee gave notice of his intent to sell the bankruptcy estate's interest in real property owned by the Debtor at the time she commenced her case located in Monroe County, Tennessee, for $27,000.00. Following a hearing on May 24, 2012, the parties agreed that an evidentiary hearing was not necessary and that all issues could be resolved on stipulations and briefs.

The record before the court consists of Stipulations filed by the parties on June 5, 2012, including the following stipulated exhibits: (A) an Order entered in the Probate Court for Monroe County, Tennessee, on November 5, 2009, in *Estate of George Mulford Link, Jr.*, No. 2009-051; (B) a Warranty Deed dated July 16, 1966, evidencing the transfer of one acre, more or less, of real property in Monroe County, Tennessee, to George Link, Jr. and wife, Clemma Link; (C) a Warranty Deed dated May 29, 1984, transferring real property containing approximately 75 acres in Monroe County, Tennessee, to George M. Link and wife, Clemma P. Link; (D) an excerpt from a 2004 examination of the Debtor dated August 13, 2010; (E) a Notice of Sale filed by the Trustee on October 12, 2011; (F) a Withdrawal of Notice of Sale filed by the Trustee on December 19, 2011, withdrawing the October 12, 2011 Notice of Sale; (G) an Amended Notice of Sale filed on May 15, 2012; and (H) a Notice of Abandonment filed by the Trustee on December 19, 2011, whereby he abandoned "the estate's interest in the Estate of George Mulford Link, Jr."

As stated in the scheduling Order entered on May 24, 2012, the issue before the court is whether the Notice of Abandonment filed by the Trustee on December 19, 2011, giving notice of his "abandonment of the estate's interest in the Estate of George Mulford Link, Jr.[,]" constituted an abandonment of the Debtor's interest in the two tracts of real property located in Monroe County, Tennessee (Monroe County Property), which is the subject of the Notice of Sale, with the result that the Debtor's interest in the Monroe County Property cannot be sold by the Trustee because it is no longer property of the estate. The Debtor filed the Debtor's Brief on Trustee's Notice of Sale on June 19, 2012, and the Trustee filed his Memorandum in Support of Trustee's Amended Notice of Sale of Real Property on July 2, 2012.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (O) (2006).

**I**

The following facts are stipulated or otherwise not in dispute. The Debtor's father, George Mulford Link, Jr., died on October 29, 2008, and a probate proceeding was filed on June 10, 2009, in the Probate Court for Monroe County, Tennessee. STIPS. at ¶¶ 1-2. As reflected in an Order entered by the Monroe County Probate Court on November 5, 2009, it was determined that Mr. Link died intestate with three heirs: a surviving spouse, Mary Emma Link, a son, Brian W. Link, and a daughter, the Debtor. STIPS. at ¶¶ 3, 5; STIP. EX. A; STIP. EX. D at pg. 63, ln.21–pg.64, ln.4. At the time of his death, Mr. Link owned personal property valued at approximately $15,000.00 and the

Monroe County Property valued at approximately $291,400.00.[1]  STIPS. at ¶ 4; STIP. EX. A; STIP. EX. B; STIP. EX. C.  As of June 5, 2012, Mr. Link's probate estate remained open.  STIPS. at ¶ 2.

The Debtor filed the Voluntary Petition commencing her Chapter 7 bankruptcy case on April 28, 2010.  STIPS. at ¶ 6.  She did not list her one-third ownership interest in the Monroe County Property in her statements and schedules.  STIPS. at ¶ 9.  Additionally, the Debtor did not reference her interest in Mr. Link's estate in her statements and schedules, nor did she reference the estate in amended schedules filed on June 9, 2010, July 8, 2010, and August 17, 2010.  STIPS. at ¶¶ 7-8.  On October 12, 2011, the Trustee filed a Notice of Sale "of the Estate's interest in the Estate of George Mulford Link, Jr. to Brian W. Link" for $30,000.00 "in exchange for the Debtor's interest in minor personal items, approximately sixty (60) acres of real property located on Mt. Pleasant Road in Monroe County, and a parcel of real property with a rustic log cabin with wood heat."  STIPS. at ¶ 11; STIP. EX. E.  The October 12, 2011 Notice of Sale also states that the bankruptcy estate held an interest in the personal property of approximately $3,000.00, that the Monroe County Property "has an appraisal value evidencing the bankruptcy estate's interest of approximately $46,850.00" and that the Debtor's bankruptcy estate "intends to sell the Debtor's one-third interest in the Estate of George Link, who died intestate, as well as the one-third interest by Trustee's deed in the real property described above and owned by George M. Link, Jr."  STIPS. at ¶ 11; STIP. EX. E.  The October 12, 2011 Notice of Sale was withdrawn by the Withdrawal of Notice of Sale filed by the Trustee on December 19, 2011.  STIPS. at ¶ 11; STIP. EX. F.  The Trustee also filed a Notice of Abandonment

---

[1] At the time of acquisition, the Monroe County Property was owned jointly by George Mulford Link, Jr. and his wife, Clemma Link.  The record does not disclose how Mr. Link became the sole owner of these properties.

on December 19, 2011, in which he gave "notice of abandonment of the estate's interest in the Estate of George Mulford Link, Jr."[2] STIPS. at ¶ 12; STIP. EX. H.

On February 24, 2012, a tardily-filed claim in the amount of $7,802.47 was filed in the Debtor's case, and the estate, which had held a surplus at the time the Trustee filed the Notice of Abandonment, no longer had sufficient funds to pay all administrative costs and claims. STIPS. at ¶ 13. Thereafter, on April 17, 2012, the Trustee filed the Notice of Sale, which was amended on May 15, 2012, by the Amended Notice of Sale, providing notice that, in exchange for $27,000.00, he was transferring the Debtor's interest in the Monroe County Property which had been owned by Mr. Link prior to his death to the Debtor's brother, Brian W. Link. STIPS. at ¶ 11; STIP. EX. G. The Debtor filed her Objection to Notice of Sale on May 7, 2012, arguing that when the Trustee abandoned the estate's interest in the probate estate of George Link, he no longer possessed the authority to sell the Monroe County Property.

II

Pursuant to 11 U.S.C. § 541(a) (2006), the Debtor's bankruptcy estate was created upon the filing of her Voluntary Petition, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." Upon his appointment, the Trustee, pursuant to 11 U.S.C. §§ 323(a) and 704(a)(1) (2006), became the representative of the Debtor's bankruptcy estate, succeeding to all of her interests in property of the estate and inheriting the responsibility to use estate property for the best interests of creditors, including the sale of property pursuant to 11 U.S.C.

---

[2] The Stipulations erroneously state that the Notice of Abandonment was filed on December 9, 2011. STIPS. at ¶ 12.

§ 363 (2006). Under 11 U.S.C. § 554(a), the Trustee is authorized to abandon property of the estate "that is burdensome . . . or . . . of inconsequential value and benefit to the estate." 11 U.S.C. § 544(a) (2006).

In accordance with his statutory duties, the Trustee filed a Notice of Sale on October 12, 2011, which states the following:

> Dean B. Farmer, Trustee, pursuant to Bankruptcy Rules 2002(a) and 6004(a) and §363(b) of the Bankruptcy Code does hereby give notice of the sale of the Estate's interest in the Estate of George Mulford Link, Jr. to Brian W. Link. The Trustee agrees to accept $30,000.00 in exchange for the Debtor's interest in minor personal items, approximately sixty (60) acres of real property located on Mt. Pleasant Road in Monroe County, and a parcel of real property with a rustic log cabin with wood heat. A preliminary value has been submitted evidencing the bankruptcy estate's interest in personal property of approximately $3,000.00. The real property has an appraisal value evidencing the bankruptcy estate's interest of approximately $46,850.00. The bankruptcy estate intends to sell the Debtor's one-third interest in the Estate of George Link, who died intestate, as well as the one-third interest by Trustee's deed in the real property described above and owned by George M. Link, Jr. The Trustee recommends this sale to Brian W. Link, brother of the Debtor, as in the best interest of the bankruptcy estate by reducing legal and transaction costs in liquidation of the bankruptcy estate's [interest].

STIP. EX. E. The October 12, 2011 Notice of Sale was withdrawn on December 19, 2011, by the Withdrawal of Notice of Sale which states that:

> 1. The Trustee currently has enough funds on hand to administer the bankruptcy estate with a 100% distribution to all allowed timely filed claims and payments for administrative fees.
>
> 2. The Trustee does not at this time intend to expend the administrative costs to sell the estate's interest in the Estate of George Mulford Link, Jr. seeing as all allowed timely filed claims and administrative fees and expenses will have been paid.

STIP. EX. F. Also on December 19, 2011, after filing the Withdrawal of Notice of Sale, the Trustee filed the Notice of Abandonment which states, in material part:

6

>	Dean B. Farmer, the Trustee herein, gives notice of abandonment of the estate's interest in the Estate of George Mulford Link, Jr. and says as follows:
>
>	1. A thorough analysis has been done regarding the value of the estate's interest in the Estate of George Mulford Link, Jr. The Trustee received an offer of $30,000.00 for the debtor's interest in the estate; and
>
>	2. The Trustee has collected funds from a judgment obtained against the Debtor; and
>
>	3. Based upon all allowed timely filed claims, there appears to be sufficient funds to administer this case with a 100% distribution to the allowed claimants and pay administrative fees and expenses in full.
>
>	This abandonment is made pursuant to 11 U.S.C. §554 and any objections must be filed within twenty-one (21) days of this notice and no hearing will be set unless an objection is filed.

STIP. EX. H.


"The effect of abandonment by a trustee is to divest the bankruptcy estate of control over the abandoned property and to revest title in the debtor. In doing so, the property becomes part of the debtor's non-bankruptcy estate, just as if no bankruptcy had occurred." *First Ga. Bank v. FNB So. (In re Moody)*, 277 B.R. 858, 861 (Bankr. S.D. Ga. 2001). Unquestionably, the Trustee's Notice of Abandonment served to abandon any interest the estate held in the probate estate of George Mulford Link, Jr. The Trustee argues that the abandonment did not include the Debtor's interest in the Monroe County Property, which, under the intestate laws of the State of Tennessee, vested in the Debtor immediately upon Mr. Link's death. In support of his argument, the Trustee states in his Brief that "[t]he language of the Notice of Abandonment clearly demonstrated the Trustees [sic] intent to abandon only the probate estate[,]" and that "throughout the administration of the case, [he] maintained a distinction between the real and personal property, making it clear that [he] recognized

the real property was separate from the Estate of George Link and that he intended to treat it as such." TR.'S BRIEF at 3. The court disagrees.

The October 12, 2011 Notice of Sale lists the personal property and Monroe County Property separately but does so only in terms of their approximate values of $3,000.00 and $46,850.00, respectively. Otherwise, the October 12, 2011 Notice of Sale addresses both in the context that they are property of Mr. Link's probate estate, with both real and personal property to be sold for $30,000.00 to Brian W. Link. *See* STIP. EX. E. Of that amount, $3,000.00 is the value assigned to the personal property and $27,000.00 is the value assigned to the Monroe County Property. The Notice of Abandonment expressly states that "[a] thorough analysis has been done regarding the value of the estate's interest in the Estate of George Mulford Link, Jr. [and t]he Trustee received an offer of $30,000.00 for the debtor's interest in the estate[.]" STIP. EX. H. Clearly, the Debtor and any other party in interest rightly interpreted the Notice of Abandonment as encompassing both the personal property and the Monroe County Property that the Trustee characterized in both the October 12, 2011 Notice of Sale and the December 19, 2011 Notice of Abandonment as "the estate's interest in the Estate of George Mulford Link, Jr."

The Trustee cannot successfully argue that his statement in the Notice of Abandonment that he "received an offer of $30,000.00 for the debtor's interest in the estate [of George Mulford Link, Jr.]" references only the personal property. First, the parties have stipulated that the value of the personal property approximated $15,000.00, thus leaving the value of the Debtor's one-third interest at approximately $5,000.00. *See* STIP. EX. A. Secondly, the $30,000.00 value is identical to the collective value assigned the personal property ($3,000.00) and the Monroe County Property

8

($27,000.00) in the October 12, 2011 Notice of Sale and corresponds directly to the $27,000.00 for which the Trustee once again proposes to sell the Monroe County Property through the Notice of Sale which precipitated this contested matter.

Finally, the Trustee states in the Notice of Abandonment that he is abandoning "the estate's interest in the Estate of George Mulford Link, Jr." because, "[b]ased upon all allowed timely filed claims, there appears to be sufficient funds to administer this case with a 100% distribution to the allowed claimants and pay administrative fees and expenses in full." Here, the Trustee clearly manifested his intention to abandon both the personal property and Monroe County Property because he did not need to liquidate those assets as he had collected sufficient funds to pay all expenses of administration and a 100% dividend to creditors.

The court finds that the Trustee's characterization of the Monroe County Property in the Notice of Abandonment and/or any of the Notices of Sale as "the estate's interest in the Estate of George Mulford Link, Jr." precludes him from now relying on Tennessee Code Annotated § 31-2-103 which provides, in material part:

> **Vesting of estate – Net estate**. – The real property of an intestate decedent shall vest immediately upon death of the decedent in the heirs as provided in § 31-2-104[3]. ...

---

[3] Tennessee Code Annotated § 31-2-104 sets forth the shares of a surviving spouse and heirs, stating, as is material in this contested matter:

> (b) The part of the intestate estate not passing to the surviving spouse under subsection (a) [either one-third (1/3) or a child's share] or the entire intestate estate if there is no surviving spouse, passes as follows:
>
>> (1) To the issue of the decedent; if they are all of the same degree of kinship to the decedent they take equally[.]
>>
>> . . . .

TENN. CODE ANN. § 31-2-104 (2007).

9

> Upon qualifying, the personal representative shall be vested with the personal property of the decedent for the purpose of first paying administration expenses, taxes, and funeral expenses and then for the payment of all other debts or obligations of the decedent as provided in § 30-2-317. If the decedent's personal property is insufficient for the discharge or payment of a decedent's obligations, the personal representative may utilize the decedent's real property in accordance with title 30, chapter 2, part 4. After payment of debts and charges against the estate, the personal representative shall distribute the personal property of an intestate decedent to the decedent's heirs as prescribed in § 31-2-104 . . .[.]

TENN. CODE ANN. § 31-2-103 (2007).

As is evident from this statute, although it is subject to the discharge of claims made against the estate, real property vests in beneficiaries on the date of death. *See Gentry v. Gentry*, 924 S.W.2d 678, 682 (Tenn. 1996). Accordingly, on October 29, 2008, the date of Mr. Link's death, all real property he owned immediately vested in his heirs – his surviving spouse and his two children – subject only to any claims of Mr. Link's creditors not sufficiently satisfied by his personal property. Thus, when the Debtor filed her bankruptcy petition on April 28, 2010, she owned, as a tenant in common with her step-mother and brother, a one-third interest in the Monroe County Property she inherited from her father at his death, and the only interest she held in her father's probate estate was a one-third interest in any personal property remaining after his creditors were satisfied. Nevertheless, the Trustee twice chose to identify and include the Monroe County Property as part of the Estate of George Mulford Link, Jr. in the October 12, 2011 Notice of Sale and the Notice of Abandonment and, notwithstanding the legal inaccuracy of that representation, the Trustee cannot now rely on Tennessee Code Annotated § 31-2-103 to argue that the Monroe County Property remained in the bankruptcy estate after the filing of his Notice of Abandonment when he, in fact, intended its abandonment.

The Trustee makes one final argument, that the failure of the Debtor to list the Monroe County Property in her statements and schedules gives him the right to revoke the Notice of Abandonment as it relates to the Monroe County Property and cites case law to that end. The cases relied upon by the Trustee, however, do not support the action he has urged the court to take and, in fact, weigh against his position. In one case, *Kloian v. Kelley (In re Kloian)*, 115 Fed. Appx. 768, 769 (6th Cir. 2004), although the court stated that "[w]hen an asset is not disclosed in the schedule of assets, the abandonment is revocable[,]" the facts evidence that the bankruptcy court itself, shortly after granting a motion by the debtor that his malpractice case be abandoned, determined that the malpractice case involved counterclaims falling within the bankruptcy court's jurisdiction and entered an order on its own accord setting aside the order of abandonment. The other two cases, *In re Brinley*, 347 B.R. 613 (Bankr. W.D. Ky. 2006), and *Huntington Nat'l Bank v. Hunter (In re Hunter)*, 76 B.R. 117 (Bankr. S.D. Ohio 1987), deal with the "technical abandonment" of property upon the filing of a final report by the trustee pursuant to 11 U.S.C. § 554(c) (2006), which is clearly not applicable here because the Trustee filed the formal Notice of Abandonment. Additionally, the *Hunter* court expressly states the following:

> The general rule in this area is well settled—once a trustee abandons property, the abandonment is irrevocable.
>
> The exceptions to this rule appear in cases where a potential asset is concealed from the trustee or information concerning the potential asset has not been properly disclosed so that the trustee can make an informed decision concerning an abandonment. In cases where the property has been scheduled by the debtor and information concerning the asset has been properly disclosed to the trustee, if the property has been abandoned in accordance with the applicable provisions of the Bankruptcy Code and Rules, the title to the property revests back to the debtor as if it had never been held by the trustee. Thus, the trustee is divested of control of the property because the property is no longer part of the bankruptcy estate.

11

> . . . .
>
> While the Bankruptcy Code and Rules require the trustee to act promptly to prevent another party from obtaining an order requiring the trustee to abandon property, there is no such time constraint on the trustee in connection with the trustee's own determination that property is burdensome or of inconsequential value in the case.
>
> This court recognizes that an experienced and sophisticated trustee could properly review the information in a debtor's petition, examine any local real estate or personal property records, review any filed proofs of claim, contact counsel for the debtor, the debtor, any creditor or other interested party for additional information, examine the debtor at the Meeting of Creditors, make a final determination concerning property of the estate and file a final report captioned, "Trustee's Notice Of Abandonment Of Burdensome Property And Report Of No Assets" on the day of the Meeting of Creditors or shortly thereafter. If a trustee does not believe she or he can properly make such a final determination by the date of the Meeting of Creditors or shortly thereafter, there is no requirement that the trustee file such a report in such a brief time period. When a trustee does file a final report, it is this court's opinion that the trustee's filing is to be recognized as a determination upon which the court and parties in a case may rely. It would result in unnecessarily burdening the prompt administration of a case, be contrary to the concept of finality in legal proceedings and be beyond the recognized exceptions to the general rule that a trustee's abandonment is irrevocable, for a court or other interested parties to refrain from relying on trustees' filed reports because trustees may subsequently second guess themselves.

*Hunter*, 76 B.R. at 118-119 (internal citations omitted).

Although in *Hunter*, the trustee had filed his final report while the Trustee in this case has not, the basic point discussed in *Hunter* – namely, whether a trustee has knowledge of an asset such that he or she can make a proper determination – is also applicable in this case, and it is for this reason that the Trustee's argument that the Notice of Abandonment should be revoked must fail. There is no dispute that the Debtor did not include her interest in her father's probate estate in her statements and schedules; however, it is also undisputed that the Trustee was fully aware of the existence of the Monroe County Property as it was unquestionably included in the October 12, 2011

Notice of Sale. Furthermore, as the Trustee stated in the Notice of Abandonment, "[a] thorough analysis has been done regarding the value of the estate's interest in the Estate of George Mulford Link, Jr." STIP. EX. H (emphasis added). The Trustee cannot now argue that his abandonment of the Monroe County Property should be set aside for non-disclosure by the Debtor of an asset that he was very well aware of and had ample time to administer.

Because it is no longer property of the bankruptcy estate, the Trustee has no authority to sell the Monroe County Property and the Debtor's Objection to Notice of Sale filed on May 7, 2012, shall be sustained.

An Order consistent with this Memorandum will be entered.

FILED: July 30, 2012

> BY THE COURT
>
> */s/ RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE